IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DISABILITY RIGHTS OHIO** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.: 2:16-cv-913** |
| | : | |
| | : | |
| **v.** | : | **Judge:** |
| | : | |
| | : | |
| **MULTI-COUNTY JUVENILE** | : | **Magistrate Judge:** |
| **DETENTION CENTER,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **DANA C. MOORE,** | : | |
| **in her official capacity as** | : | |
| **Superintendent of Multi-County** | : | |
| **Juvenile Detention Center** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND ATTORNEYS' FEES**

---

## I.  INTRODUCTION

1.      This action seeks to enjoin Defendant Multi-County Juvenile Detention Center ("MCJDC") and Defendant Dana C. Moore in her official capacity as Superintendent of Multi-County Juvenile Detention Center ("Moore") from continuing to violate federal and state laws that grant Plaintiff Disability Rights Ohio reasonable unaccompanied access to detained youth for the purpose of fulfilling its mandate as the protection and advocacy system for people with disabilities in Ohio.

2.      Due to Defendants' continuing violation of federal and state law, Plaintiff

Disability Rights Ohio seeks declaratory and preliminary and permanent injunctive relief to enjoin Defendants from denying reasonable unaccompanied access to youth detained at Defendant MCJDC.  Plaintiff Disability Rights Ohio files suit and seeks relief as described after making repeated efforts to resolve this matter with the Defendants.  Plaintiff Disability Rights Ohio also seeks attorneys' fees and costs and any other available relief.

3.      Each paragraph of this Complaint incorporates all others without specific restatement.

## II.    JURISDICTION AND VENUE

4.      Jurisdiction is vested in this Court as this case raises a question of general federal law, 28 U.S.C. § 1331, and under this Court's supplemental jurisdiction as to Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      Plaintiff's cause of action arises under the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. § 10801 *et seq.*; the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("PADD Act"), 42 U.S.C. § 15041 *et seq.*; the Protection and Advocacy for Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e; 42 U.S.C. § 1983; and Ohio Rev. Code § 5123.601.  Attorneys' fees and costs may be awarded pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1.  Defendants are located in this district, and the events and omissions complained of occurred in this district.

## III.   PARTIES

7.      Plaintiff Disability Rights Ohio is a non-profit corporation duly incorporated in the state of Ohio.  Plaintiff Disability Rights Ohio is designated by the Governor of the State of Ohio as the protection and advocacy system for people with disabilities in Ohio. *Exec. Orders*

*2012-05K* and *2015-10K*; Ohio Rev. Code § 5123.60-601.  Plaintiff Disability Rights Ohio files this Complaint in its own name to redress injuries to itself in fulfilling its mandate to protect and advocate for the rights of people with disabilities in Ohio.

8.      At all times material to this Complaint, Plaintiff Disability Rights Ohio was a "person" under 42 U.S.C. § 1983.

9.      Plaintiff Disability Rights Ohio's office is located at 50 West Broad Street, Suite 1400, Columbus, Ohio, 43215.

10.      Congress established the protection and advocacy ("P&A") system in 1975 to protect and advocate for the rights of persons with developmental disabilities, and reauthorized the system in the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (the "PADD Act").  42 U.S.C. § 15041 *et seq.*  Congress provided P&A systems with the authority to investigate incidents of abuse and neglect against individuals with developmental disabilities and pursue legal, administrative, and other remedies on their behalf.  42 U.S.C. § 15043(a). Congress thereafter expanded the scope of the P&A system to provide protection and advocacy services to all persons with disabilities.  The Protection and Advocacy for Individuals with Mental Illness Act of 1986 (the "PAIMI Act") provides for the protection of rights of individuals with mental illness, 42 U.S.C. § 10801 *et seq.*; and the Protection and Advocacy of Individual Rights Program (the "PAIR Act") was created to protect the rights of all other individuals with disabilities who are not covered under the PADD and PAIMI Acts.  29 U.S.C. § 794e *et seq.*

11.      Pursuant to these laws, Plaintiff Disability Rights Ohio has a federal mandate to protect and advocate for the rights of persons with disabilities in Ohio, including youth with disabilities who are detained in juvenile detention centers.  Among other activities, Plaintiff Disability Rights Ohio and its agents travel across the state of Ohio monitoring conditions and

treatment in facilities housing individuals with disabilities.  In recent years, Plaintiff Disability Rights Ohio has conducted monitoring activities at numerous other facilities serving youth with disabilities, including Franklin County Juvenile Detention Center, the Center for Adolescent Services (Montgomery County), and the Cuyahoga County Juvenile Detention Center, the latter as an invited member of the Juvenile Detention Alternatives Initiative assessment team.

12.    Defendant MCJDC is a district detention facility organized under Ohio Rev. Code § 2152.41(B) by Fairfield, Hocking, Licking, and Perry Counties for the purpose of detaining alleged delinquent children and children adjudicated juvenile traffic offenders. Defendant MCJDC has approximately 50 beds and is located at 923 Liberty Drive, Lancaster, Ohio 43130-8045.

13.    Upon information and belief, individuals with mental illness, developmental disabilities, and other physical or mental impairments that substantially limit one or more major life activities of such individuals are detained at Defendant MCJDC.

a)    Ohio Rev. Code § 2152.42(C) states that "mental health services shall be made available" at any juvenile detention facility, under the direction of the facility's superintendent.

b)    Defendant MCJDC has promulgated policies concerning the provision of mental health treatment to youth detained in the facility.

c)    Defendant MCJDC has promulgated policies concerning the provision of accessible programs, services, and cells for youth with physical disabilities who are detained in the facility.

d)     Statistics from the Ohio Department of Youth Services show that 41% of male youth and 100% of female youth in state-operated juvenile correctional facilities receive mental health services.

e)     Statistics from the Ohio Department of Youth Services show that 46% of youth in state-operated juvenile correctional facilities are in need of special education services, which can include individuals with developmental disabilities, mental illness, and other physical or mental impairments.

14.     Upon information and belief, youth who are detained at Defendant MCJDC receive care, treatment, services, supports, and habilitation including, but not limited to: screening, evaluation, counseling, behavioral therapies, medication treatment and supervision, assistive devices, and special education services.

15.     Defendant MCJDC is a facility as defined in 42 U.S.C. § 10802(3) and 42 C.F.R. § 51.2.

16.     Defendant MCJDC is also a location, as provided in 42 U.S.C. § 15043(a)(2)(H), and a service provider, as provided in 42 C.F.R. § 1326.27(c), because services, supports, and other assistance are provided there to individuals with disabilities.

17.     Defendant Moore is the superintendent of Defendant MCJDC.  Pursuant to Ohio Rev. Code § 2152.42, Defendant MCJDC is under the direction of Defendant Moore, and Defendant Moore shall control, manage, operate, and have general charge of the facility; shall have the custody of its property, files, and records; shall appoint all employees of the facility; and shall ensure that educational, recreational, medical, and mental health services are made available.

18.     At all times and in all actions material to this Complaint, Defendants were

"persons" under 42 U.S.C. § 1983 and acted under color of law.

## IV. STATEMENT OF FACTS

19.     On Tuesday, July 26, 2016, Plaintiff Disability Rights Ohio notified Defendant Moore by fax that it was intending to visit and monitor Defendant MCJDC on Tuesday, August 2, 2016, at 10:00 a.m.  The July 26, 2016 fax identified the Plaintiff Disability Rights Ohio staff members who would be present and stated that the primary purpose of the visit would be to "check in on policies and practices at the facility to ensure that the facility is not violating the rights of people with disabilities."

20.     The July 26, 2016 fax also stated that Plaintiff Disability Rights Ohio intended to "speak privately with the youth as needed" during the visit.

21.     The July 26, 2016 fax also included a Notice to Parents and Guardians and requested that Defendants Moore and MCJDC notify parents and guardians of Plaintiff Disability Rights Ohio's visit.  The Notice to Parents and Guardians stated that Plaintiff Disability Rights Ohio would be "monitoring" Defendant MCJDC "to ensure that the rights of youth there are protected."  It also stated that the monitoring activities may include "conversations with youth."

22.     In response to questions from Defendant MCJDC's attorneys, on July 28, 2016, Plaintiff Disability Rights Ohio provided additional information regarding its authority to monitor the facility, including the right to "speak to individuals receiving services there to ask if they are experiencing any problems."  Because Defendant MCJDC is a secure detention facility, the letter also stated that Plaintiff Disability Rights Ohio was willing to work with Defendant MCJDC staff so that the visit would not implicate legitimate security concerns.

23.     One day before the planned monitoring visit, Plaintiff Disability Rights Ohio asked Defendant MCJDC's attorneys by email if they had any additional questions to discuss before the visit.  The attorneys responded only "Look forward to seeing you tomorrow."

24.     On August 2, 2016, three members of Plaintiff Disability Rights Ohio's staff (including two volunteers designated as agents of Plaintiff Disability Rights Ohio) arrived at Defendant MCJDC to conduct monitoring activities.

25.     Upon the arrival of Plaintiff Disability Rights Ohio's staff at Defendant MCJDC, they were informed that they would not be permitted to speak to youth detained at Defendant MCJDC.

26.     While Plaintiff Disability Rights Ohio's staff (including staff not present at the facility) attempted to resolve this dispute, attorneys for Defendant Moore and Defendant MCJDC provided Plaintiff Disability Rights Ohio staff with a guided tour of the facility, including the opportunity to take photographs, measure room temperature, and otherwise observe the physical conditions of the facility.  They also answered questions about the facility and its practices, and provided Plaintiff Disability Rights Ohio staff with various documents, including facility policies.

27.     During the tour of the facility, Plaintiff Disability Rights Ohio's staff observed two 4-point restraint chairs and multiple benches with handcuffs attached to them which defendants indicated were used for restraining youth at the facility.

28.     In order to ascertain how the restraint chairs and handcuff benches are used, and whether their use constitutes a violation of the rights of individuals with disabilities, Plaintiff Disability Rights Ohio needs to speak confidentially with the youth about their experiences. Defendant MCJDC's staff and attorneys provided information and answered questions about the use of the restraint chairs and handcuff benches, but speaking to youth is necessary to determine whether Defendants' assertions are accurate.

29.     Speaking to youth incarcerated at Defendant MCJDC may also reveal other

concerns, including possible instances of abuse, neglect, or rights violations that were not discussed or not able to be observed by Plaintiff Disability Rights Ohio's staff during the guided tour of the facility.

30. Plaintiff Disability Rights Ohio's authority to speak confidentially with youth is an important oversight component for facilities like Defendant MCJDC that operate under local control.

      a) Although the Ohio Department of Youth Services has authority pursuant to Ohio Rev. Code § 5139.281 and Ohio Admin. Code 5139-37-02 to promulgate rules for juvenile detention centers like Defendant MCJDC, compliance with those rules—some of which are designated as "recommended" as opposed to "mandatory"—is voluntary unless the facility seeks grant money from the state.

      b) Furthermore, compliance reports from the Ohio Department of Youth Services indicate that only two youth are interviewed during each annual inspection; those interviews are not confidential because the youth are identified in the reports along with a summary of the information provided in their interviews.

31. Before, during, and after its visit to the facility on August 2, Plaintiff Disability Rights Ohio cooperatively provided attorneys for Defendants Moore and MCJDC with information about the purpose and reasonableness of Plaintiff Disability Rights Ohio's monitoring activities, the federal and state laws regarding Plaintiff Disability Rights Ohio, and federal court cases that clearly described Plaintiff Disability Rights Ohio's authority to have reasonable unaccompanied access to speak with youth at the facility.

32. In a letter dated August 25, 2016, Plaintiff Disability Rights Ohio provided further

explanation of its access authority to Defendant MCJDC's attorneys and confirmed that it would exercise its authority within the following parameters:

> a)     Requests to speak with youth would be limited to normal business hours, unless there was reason to believe that rights violations were taking place during non-business hours.
>
> b)     To avoid disrupting youth during any classes, programming, or medical or mental health appointments, Plaintiff Disability Rights Ohio would schedule its visits at times that avoided disrupting any services being provided to the youth.
>
> c)     Information received from the youth would remain confidential until and unless Plaintiff Disability Rights Ohio received consent from the youth and/or their guardian(s) to disclose it.
>
> d)     Any youth's desire or request to end an interview would be respected.

33.     In a letter dated August 30, 2016, Defendant MCJDC's attorneys responded by disagreeing with Plaintiff Disability Rights Ohio's interpretation of its access authority and offering the following pre-conditions to allowing Plaintiff Disability Rights Ohio access to the detained youth:

> a)     Plaintiff Disability Rights Ohio's staff would provide responses to questions posed by Defendant MCJDC's attorneys by email regarding Plaintiff Disability Rights Ohio's practices and intent for the monitoring activities.
>
> b)     "Upon satisfactory review" of those responses, Defendant MCJDC would send a notice to the parents/guardians of youth at the facility that would allow the parents/guardians to give or withhold consent to Plaintiff Disability Rights Ohio's request to interview each youth.  The proffered consent form would also allow the

parent/guardian to require the presence of the parent/guardian, the youth's

attorney, and/or a representative of Defendant MCJDC during the interview.

c)  For youth whose parent/guardian consented, Defendant MCJDC would

permit Plaintiff Disability Rights Ohio to conduct an interview with the following

additional requirements:

i.  "[Y]outh are instructed that their participation in the interview is

both voluntary and can be terminated at any time;"

ii.  "[A]ll interviews are tape recorded;"

iii.  "[T]he recording is confidentially maintained" by Plaintiff

Disability Rights Ohio "but will be produced to MCJDC, if necessary or

relevant, at a later time, so there is no later dispute as to the

appropriateness of the interviews."

34.  Plaintiff Disability Rights Ohio could not accept the terms proposed by Defendant

MCJDC because those demands are neither authorized by the state or federal protection and

advocacy laws nor consistent with its duties to ensure confidentiality and access to its services.

## V.  LEGAL CLAIMS

### A.  First Claim for Relief:  Based on Violation of the PAIMI Act, Implementing Regulations, and 42 U.S.C. § 1983

35.  As the designated protection and advocacy system for individuals with disabilities

in Ohio, Plaintiff Disability Rights Ohio has access to facilities in Ohio providing care or

treatment to individuals with mental illness. 42 U.S.C. § 10805(a)(3).

36.  Plaintiff Disability Rights Ohio is charged to monitor compliance with respect to

the rights and safety of individuals with mental illness.  42 C.F.R. § 51.42(c)(2).

37.  Plaintiff Disability Rights Ohio is also charged to provide information and

training about individual rights and services available from the protection and advocacy system, including its contact information, to individuals with mental illness. 42 C.F.R. § 51.42(c)(1).

38.     Plaintiff Disability Rights Ohio is authorized to have reasonable unaccompanied access to residents at reasonable times, which shall include normal working hours and visiting hours. Residents include adults or minors who have legal guardians or conservators. 42 C.F.R. § 51.42(c).

39.     Unaccompanied access to residents includes the opportunity to meet and communicate privately with individuals regularly, both formally and informally, by telephone, mail and in person. 42 C.F.R. § 51.42(d).

40.     Defendants' refusal to provide Plaintiff Disability Rights Ohio with reasonable unaccompanied access to speak with residents violates the PAIMI Act and its implementing regulations.

41.     Defendants have acted under color of state law to deprive Plaintiff Disability Rights Ohio of federal rights under the PAIMI Act.

42.     Defendants' violation of the PAIMI Act and its implementing regulations frustrates and interferes with Plaintiff Disability Rights Ohio's federal mandate to protect people with disabilities in Ohio; provide legal advocacy for people with disabilities; determine whether an investigation by Plaintiff Disability Rights Ohio should be conducted; and determine whether corrective action should be taken.

43.     Defendants' violation of the PAIMI Act and its implementing regulations frustrates the rights of youth incarcerated at Defendant MCJDC to have access to a meaningful and effective protection and advocacy system.

44.     Pursuant to 42 U.S.C. § 10805(a)(1)(B), Plaintiff Disability Rights Ohio is

authorized to pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in Ohio.

45. Plaintiff Disability Rights Ohio is entitled to relief under 42 U.S.C. § 10805(a)(3), 42 C.F.R. § 51.41(c), and 42 U.S.C. § 1983.

**B.      Second Claim for Relief:  Based on the Violation of the PADD Act, Implementing Regulations, and 42 U.S.C. § 1983**

46. Plaintiff Disability Rights Ohio is authorized to have access at reasonable times to any individual with a developmental disability in a location in which services, supports, and other assistance are provided to such an individual.  42 U.S.C. § 15043(a)(2)(H).

47. Plaintiff Disability Rights Ohio is authorized to have unaccompanied access to individuals with developmental disabilities including, but not limited to, the opportunity to meet and communicate privately with individuals regularly, both formally and informally, by telephone, mail, and in person.  45 C.F.R. § 1326.27(d).

48. Defendants' refusal to allow Plaintiff Disability Rights Ohio reasonable unaccompanied access to speak with youth at Defendant MCJDC violates the PADD Act and its implementing regulations.

49. Defendants have acted under color of state law to deprive Plaintiff Disability Rights Ohio of federal rights under the PADD Act.

50. Defendants' violation of the PADD Act and its implementing regulations frustrates and interferes with Plaintiff Disability Rights Ohio's federal mandate to protect people with disabilities in Ohio; provide legal advocacy for people with disabilities; determine whether an investigation by Plaintiff Disability Rights Ohio should be conducted; and determine whether corrective action should be taken.

51. Defendants' violation of the PADD Act and its implementing regulations

frustrates the rights of youth incarcerated at Defendant MCJDC to have access to a meaningful

and effective protection and advocacy system.

52.     Pursuant to 42 U.S.C. § 15043(a)(2)(A)(i), Plaintiff Disability Rights Ohio is

authorized to pursue legal, administrative, and other appropriate remedies or approaches to

ensure the protection of, and advocacy for, the rights of such individuals within Ohio who are or

who may be eligible for treatment, services, or habilitation.

53.     Plaintiff Disability Rights Ohio is entitled to relief under 42 U.S.C. §

15043(a)(2)(H), 45 C.F.R. § 1326.27(d), and 42 U.S.C. § 1983.

   **C.     Third Claim for Relief:  Based on Violation of the PAIR Act, Implementing
           Regulations, and 42 U.S.C. § 1983**

54.     The PAIR Act provides Plaintiff Disability Rights Ohio with the authority to

serve individuals with disabilities who are not otherwise eligible for protection and advocacy

services under either the PADD Act or PAIMI Act.  29 U.S.C. § 794e(a)(1).

55.     The PAIR Act incorporates the same general authorities of access as are found in

the PADD Act.  29 U.S.C. § 794e(f)(2).

56.     Plaintiff Disability Rights Ohio is authorized to have access at reasonable times to

any individual with a disability in a location in which services, supports, and other assistance are

provided to such an individual.  42 U.S.C. § 15043(a)(2)(H).

57.     Plaintiff Disability Rights Ohio is authorized to have unaccompanied access to

individuals with a disability including, but not limited to, the opportunity to meet and

communicate privately with individuals regularly, both formally and informally, by telephone,

mail, and in person.  45 C.F.R. § 1326.27(d).

58.     Defendants' refusal to allow Plaintiff Disability Rights Ohio reasonable

unaccompanied access to speak with youth at Defendant MCJDC violates the PAIR Act and its

implementing regulations.

59. Defendants have acted under color of state law to deprive Plaintiff Disability Rights Ohio and youth incarcerated at Defendant MCJDC of federal rights under the PAIR Act.

60. Defendants' violation of the PAIR Act and its implementing regulations frustrates and interferes with Plaintiff Disability Rights Ohio's federal mandate to protect people with disabilities in Ohio; provide legal advocacy for people with disabilities; determine whether an investigation by Plaintiff Disability Rights Ohio should be conducted; and determine whether corrective action should be taken.

61. Defendants' violation of the PAIR Act and its implementing regulations frustrates the rights of youth incarcerated at Defendant MCJDC to have access to a meaningful and effective protection and advocacy system.

62. Pursuant to 29 U.S.C. § 794e(f)(3), Plaintiff Disability Rights Ohio is authorized to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of such individuals within Ohio who are or who may be eligible for treatment, services, or habilitation.

63. Plaintiff Disability Rights Ohio is entitled to relief under 29 U.S.C. § 794e(f)(2) and 42 U.S.C. § 1983.

**D.      Fourth Claim for Relief:  Based on Violations of Ohio Rev. Code § 5123.601**

64. Plaintiff Disability Rights Ohio shall have ready access, at any time, to all persons detained or institutionalized, and to all persons who receive services under Chapters 5123, 340, 5119, or 5126.  Ohio Rev. Code § 5123.601(A)(4).

65. The youth with whom Plaintiff Disability Rights Ohio wishes to speak are "detained" at Defendant MCJDC.

66. The youth with whom Plaintiff Disability Rights Ohio wishes to speak are

"institutionalized," as Defendant MCJDC meets the definition of "institution" at Ohio Rev. Code § 5123.01(J).

67.     Based on Plaintiff Disability Rights Ohio's experience with juvenile detention centers, it is highly likely that youth at Defendant MCJDC receive services under Chapters 5123 (developmental disabilities), 340 (alcohol and drug addiction services), 5119 (mental health and addiction services), or 5126 (developmental disabilities).

68.     Defendants' refusal to allow Plaintiff Disability Rights Ohio to have ready access to the youth at Defendant MCJDC violates Ohio Rev. Code § 5123.601.

69.     Plaintiff Disability Rights Ohio is entitled to relief under Ohio Rev. Code § 5123.601.

## VI.    NECESSITY FOR INJUNCTIVE RELIEF

70.     The Defendants have acted and continue to act in violation of the law as explained above.  Plaintiff Disability Rights Ohio and the youth it is mandated to serve do not have an adequate remedy at law and will be irreparably harmed if Defendants are permitted to continue blocking Plaintiff Disability Rights Ohio's access to monitor the youth at Defendant MCJDC.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Disability Rights Ohio requests the following relief:

A.      a declaratory judgment that Defendants have violated Plaintiff Disability Rights Ohio's rights under the PAIMI Act, PADD Act, PAIR Act, 42 U.S.C. § 1983, and Ohio Rev. Code § 5123.601.

B.      an injunction ordering Defendants to provide Plaintiff Disability Rights Ohio with reasonable unaccompanied access to speak privately with the youth detained at Defendant MCJDC pursuant to its federal and state authority;

C.      an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

and

D.      any other relief that the Court deems appropriate.

Respectfully Submitted,

s/ Andrew Brennan
Andrew Brennan (0087344)
abrennan@disabilityrightsohio.org
Trial Attorney
Kristen Henry (0082382)
khenry@disabilityrightsohio.org
DISABILITY RIGHTS OHIO
50 West Broad Street, Suite 1400
Columbus, Ohio  43215
Telephone:  614-466-7264
Facsimile:  614-644-1888